IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ROBBI BEAUCHAMP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case. No: 3:22-cv-504-RAH-SMD |
| | ) | [WO] |
| CATHY ANTEE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Robbi Beauchamp, a former employee in the College of Veterinary Medicine at Auburn University, claims that in March 2021 she was terminated because of her age and in retaliation for previously complaining about age discrimination. Beauchamp also alleges a violation of her procedural due process rights.

Pending before the Court is the Defendants' Motion to Dismiss, which has been fully briefed and is ripe for consideration. For the following reasons, it is due to be granted in part.

## BACKGROUND

Beauchamp was 61 years old as of the filing of this action on August 23, 2022, and before her termination in March 2021, she had worked in the College of Veterinary Medicine since 2013. (Doc. 1 at 4–5, 17.)

While she received exemplary performance reviews and numerous promotions over the years and had never been disciplined until her termination in March 2021, she claims to have witnessed and been subjected to a pattern of age discrimination at the college.  (*Id*. at 6.)  She observed the college routinely hire younger employees, pay them higher than normal starting salaries, allow them to skip certain after-hours events, and give them more preferential work assignments. (*Id*. at 6, 9, 11.)  On several occasions, younger employees disrespected her, refused to accept direction and help from her, and made false accusations about her. (*Id*. at 9–10.)  When she complained about her treatment, no one was disciplined.  (*Id*. at 10.)

Beginning in 2020 during the COVID pandemic, things came to a head with the younger employees.  According to Beauchamp, while she worked remotely from home, the younger employees began to falsely accuse her of being unable to keep up with her workload and not timely responding to email communications.  (*Id*. at 13.)  Starting in the fall of 2020 and continuing into the beginning part of 2021, management removed duties from Beauchamp. (*Id*. at 15–17.)

Beauchamp was terminated in March 2021, along with two other employees. (*Id*. at 17.)  According to Beauchamp, she was informed she was terminated for allegedly intentionally falsifying an official document.  (*Id*. at 18.)  But as to younger

employees who were also making mistakes at work, management took no disciplinary action.  (*Id*.)

Beauchamp then filed this lawsuit against Cathy Antee and Dr. Melinda Camus.

## LEGAL STANDARD

A motion to dismiss under Rule 12 of the Federal Rules of Civil Procedure tests the sufficiency of a complaint against the legal standard articulated by Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  A district court accepts a plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes them "in the light most favorable to the plaintiff," *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).

"[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotations and citations omitted).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations."  *Id*.  Instead, it must contain "only enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.  Still, the factual allegations "must be enough to raise a right to relief above the speculative level."  *Id*. at 555.  A claim is "plausible on its face" if "the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

In their motion to dismiss, the Defendants attack only four of Beauchamp's five claims. The Court will address those in turn. Upon consideration of the arguments presented in the motion, the Court finds that Counts One and Two are due to proceed against Antee and Camus in their official capacities, and Counts Three and Four are due to be dismissed without prejudice. Count Five will proceed per the consent of Defendants.

## Counts One and Two - Violations of the ADEA

In Counts One and Two, Beauchamp seeks reinstatement, claiming that the Defendants wrongfully discriminated and retaliated against her because of her age when she was terminated. These claims are brought under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq*. (ADEA) against Antee and Camus in their official capacities. Defendants move to dismiss the ADEA claims, asserting their entitlement to sovereign immunity under the Eleventh Amendment. *See Kimel v. Florida Board of Regents*, 528 U.S. 62, 67 (2000) (concluding that Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under the ADEA).

4

In her response, Beauchamp acknowledges that Antee and Camus are entitled to sovereign immunity for official capacity claims seeking monetary damages. However, citing the *Ex parte Young* exception, Beauchamp argues that she can pursue her ADEA claims for prospective equitable relief – that is, reinstatement – against Antee and Camus in their official capacities. Defendants argue that the *Ex parte Young* exception does not apply to ADEA claims, and this Court should not follow the nonbinding cases that have concluded that it does.  The Court concludes that Beauchamp's ADEA claims against Antee and Camus in their official capacities for prospective equitable relief are not barred by sovereign immunity.  Defendants' motion to dismiss Counts One and Two is therefore due to be denied on that aspect of the claims.

Under *Ex parte Young*, the Supreme Court held that private individuals could sue state officers for injunctive relief despite sovereign immunity because "individuals, who, as officers of the State, are clothed with some duty in regard to the enforcement of the laws of the State, and who threaten and are about to commence proceedings, either of a civil or criminal nature, to enforce against parties affected an unconstitutional act, violating the Federal Constitution, may be enjoined by a Federal court of equity from such action."  209 U.S. 123, 155–56 (1908).  The Eleventh Circuit has accordingly held: "[The *Ex parte Young*] doctrine provides an exception to Eleventh Amendment immunity for lawsuits against state officials as

long as the plaintiffs seek only *prospective injunctive relief to stop ongoing violations of federal law*." *Friends of the Everglades v. S. Fla. Water Mgmt. Dist*., 570 F.3d 1210, 1215 (11th Cir. 2009) (emphasis added) (citing *Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health & Rehab. Servs*., 225 F.3d 1208, 1219 (11th Cir. 2000)); *see also Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1337 (11th Cir. 1999) ("[T]he Eleventh Amendment bars suits against state officials in federal court seeking retrospective or compensatory relief, but does not generally prohibit suits seeking only prospective injunctive or declaratory relief.") (citation omitted).

Defendants argue that the *Ex parte Young* exception does not apply to ADEA claims and this Court should not follow the nonbinding cases that have concluded that it does. This argument misconstrues the applicability of the *Ex Parte Young* doctrine to federal statutory frameworks. The *Ex parte Young* exception has been extended to other federal statutory causes of action, including those under Title I of the Americans with Disabilities Act of 1990. *See Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 n.9 (2001). As it concerns ADEA claims, the Supreme Court has not spoken directly to the issue. The Eleventh Circuit has addressed the matter in an unpublished opinion, reasoning that the *Ex parte Young* exception covers prospective equitable relief claims arising under the ADEA. *See Cooper v. Ga. Dep't of Transp.*, 837 F. App'x 657, 669 (11th Cir. 2020) (permitting a cause of action seeking reinstatement following an alleged violation of the ADEA to proceed

6

against state officials in their official capacity, as reinstatement is the sort of prospective injunctive relief that is not barred under the Eleventh Amendment).

Other circuit courts and several Alabama district courts have spoken to the issue as well.  All have either strongly suggested or concluded that the *Ex parte Young* exception indeed extends to prospective equitable claims arising under ADEA.  *See, e.g.*, *State Police for Automatic Ret. Ass'n v. DiFava*, 317 F.3d 6, 12 (1st Cir. 2003) ("*Kimel* involved a private action for monetary damages [under the ADEA].   Neither *Kimel*, nor Eleventh Amendment jurisprudence, prevents individuals . . . from obtaining injunctive relief against a state based upon the ADEA pursuant to *Ex parte Young*. . . ."); *McGarry v. Univ. of Miss. Med. Ctr.*, 355 F. App'x 853, 856 (5th Cir. 2009) (suggesting that a suit seeking prospective injunctive relief against a state entity for violations of the ADEA is permissible under *Ex parte Young*); *Meekison v. Voinovich*, 67 F. App'x 900, 901 (6th Cir. 2003) ("[P]rivate individuals may sue for injunctive relief to enforce the standards of … the ADEA." (citing *DiFava*, 317 F.3d at 12)); *Jurriaans v. Ala. Coop. Extension Sys.*, No. 3:17-CV-124-MHT, 2018 WL 3631892, at *1 (M.D. Ala. July 31, 2018); *Key v. Morgan Cnty. Sheriff's Off.*, No. 5:12-CV-0314-NE, 2012 WL 1340099, at *5 (N.D. Ala. Apr. 12, 2012); *Moore v. Ala. Dep't of Hum. Res.*, No. 2:09-CV-1167-RDP, 2010 WL 11565274, at *6 (N.D. Ala. Feb. 16, 2010) ("[T]he court concludes that a private plaintiff may pursue prospective injunctive relief against a state officer pursuant to

*Ex parte Young* and in order to vindicate rights provided under the ADEA.").[1]  The

Defendants have pointed to nothing unique about the ADEA that prevents

Beauchamp from seeking prospective injunctive relief from state officials through

the *Ex parte Young* exception to sovereign immunity, even though she cannot seek

monetary damages from the same officials.  Nor have Defendants pointed to any

persuasive case law suggesting that the *Ex parte Young* exception does not apply in

the ADEA context.  This Court agrees with the analysis supplied by the above-cited

courts.

---

[1] Defendants claim that *DiFava*, *Moore*, and *Key* were erroneously decided in part because they relied on the Supreme Court's holding that the *ADA* did not waive state sovereign immunity for monetary damages, but that actions for injunctive relief under the *Ex parte Young* exception seeking enforcement of the ADA may proceed against state governments.  *See Garrett*, 531 U.S. at 374 n.9.  Aside from asserting that this claim is dicta, Defendants also appear to assert that a different statutory framework requires a distinct analysis for *Ex parte Young* purposes.  Despite their criticisms of this argument, Defendants point to no statutory or jurisprudential rationales for distinguishing the availability of prospective injunctive relief to seek enforcement of the ADA as compared to the ADEA.  Furthermore, Defendants do not engage with the fact that the Supreme Court only addressed claims for monetary damages in finding that the ADEA had not waived the sovereign immunity of the states.  *See Kimel*, 528 U.S. at 66.  There is little to suggest that the Supreme Court envisioned that the *Ex parte Young* exception would be inapplicable in the ADEA context, even if Congress otherwise failed to abrogate state sovereign immunity in drafting the statute.

*Ex parte Young* is a broad exception to a grant of sovereign immunity conferred on the states by the Eleventh Amendment.  *See Pryor*, 180 F.3d at 1336.  At the end of the day, there is no dispute that the states are immune from suit under the ADEA and the Eleventh Amendment.  The question is whether the wide-reaching *Ex parte Young* exception to sovereign immunity (which is presumed under the Eleventh Amendment, after all) permits private individuals to seek prospective injunctive relief for alleged violations of the act.  The Court is unpersuaded by Defendants' arguments and, finding no reason to dispute the applicability of the *Ex parte Young* exception to this matter, will permit this cause of action to proceed.

The Court also finds that reinstatement is a proper form of prospective equitable or injunctive relief which may be sought against Antee and Camus in their official capacities under the *Ex parte Young* exception.  The Eleventh Circuit has held that "requests for reinstatement constitute prospective injunctive relief that fall within the scope of the *Ex parte Young* exception and, thus, are not barred by the Eleventh Amendment."  *Lane v. Cent. Ala. Cmty. Coll.*, 772 F.3d 1349, 1351 (11th Cir. 2014).  Defendants do not dispute that this form of relief is available under *Ex parte Young*.[2]  Accordingly, Beauchamp's ADEA claims seeking reinstatement against Antee and Camus in their official capacities may proceed.

### Counts Three and Four – Violation of Alabama Code § 25-1-20

In addition to her claims under the ADEA, Beauchamp also brings her age-based claims against Defendants in their official capacities seeking prospective injunctive relief (reinstatement) under Alabama law, Ala. Code § 25-1-20, *et seq*. The Defendants move to dismiss these two claims also, asserting their entitlement

---

[2] Furthermore, contrary to Defendants' assertions, Beauchamp may bring her ADEA claims for prospective injunctive relief against Antee and Camus in their official capacities. Defendants are correct that Antee and Camus were not themselves Beauchamp's employers for ADEA purposes, and individuals cannot be held liable under the ADEA.  *See Albra v. Advan, Inc.*, 490 F.3d 826, 830 (11th Cir. 2007).  However, when Antee and Camus are sued in their official capacities, they instead represent the employer, Auburn University.  *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.,* 436 U.S. 658, 690, n.55 (1978)) ("Official-capacity suits … 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"); *Cooper*, 837 F. App'x at 669 (finding that plaintiff's ADEA claims seeking prospective equitable relief are not barred by sovereign immunity against two officials in their official capacity, even when barred against them in their individual capacity and the institution itself).

to absolute immunity under Article I, Section 14, of the Alabama Constitution.  *See, e.g.*, *Vernon v. Cent. Ala. Cmty. Coll.*, No. 1:18-cv-496-ACA, 2018 WL 3631593, at \*3 (N.D. Ala. July 31, 2018); *Ex parte Tuscaloosa Cnty.*, 796 So. 2d 1100, 1103 (Ala. 2000).  In response, Beauchamp concedes immunity as to Antee and Camus in their official capacities but claims that Antee and Camus are not entitled to absolute immunity in their individual capacities under *Ex parte Cranman*, 792 So.2d 392 (Ala. 2000). Beauchamp's Complaint, however, only seeks relief under the AADEA against Antee and Camus in their official capacity.  (Doc. 1 at 1–2.)  As Beauchamp has conceded liability against Antee and Camus in their official capacities for her state law claims, the Court concludes that Counts Three and Four are due to be dismissed.

## CONCLUSION

Accordingly, it is ORDERED as follows:

(1) The Defendants' Motion to Dismiss (Doc. 8) is GRANTED in part and DENIED in part.

(2) Counts One and Two will proceed against Defendants Cathy Antee and Dr. Melinda Camus in their official capacities for prospective injunctive relief.  In all other respects, Counts One and Two are dismissed.

(3) Counts Three and Four are dismissed without prejudice.

(4) As the Defendants did not move to dismiss Count Five, Count Five will

proceed as pleaded.

DONE, on this the 28th day of November, 2022.

                                     /s/ R. Austin Huffaker, Jr.
                                 R. AUSTIN HUFFAKER, JR.
                                 UNITED STATES DISTRICT JUDGE